UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TANYA WALKER-PORTILLO,

                Plaintiff,

-against-

CAPGEMINI AMERICA, INC.; CIGNA HEALTH AND LIFE INSURANCE COMPANY; MICHAEL DOYLE, EXECUTIVE VICE PRESIDENT; JEFF RUPLEY, HUMAN RESOURCES; SHERYL HOWARD-SUMMERLIN, SENIOR MANAGER; CARRIE CHARGOIS, SENIOR MANAGER; JANE DOE, GENERAL COUNSEL; JANE DOE, GENERAL COUNSEL,

                Defendants.

24-CV-1633 (JGK)

ORDER OF SERVICE

JOHN G. KOELTL, United States District Judge:

      Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990, alleging that her employer discriminated against her based on her race, color, gender, and disability. The Court construes Plaintiff's complaint as also asserting claims under the New York State and City Human Rights Laws. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017) (holding that where a *pro se* plaintiff's factual allegations supported claims under "well-known" provisions of state law, district courts must construe the complaint as asserting claims under those laws, "regardless of [plaintiff's] failure to check the appropriate blank on a form complaint"). By order dated March 6, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## DISCUSSION

### A. Service on Named Defendants

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Capgemini America, Inc.; Cigna Health and Life Insurance Company; Michael Doyle, Executive Vice President; Jeff Rupley, Human Resources; Sheryl Howard-Summerlin, Senior Manager; and Carrie Chargois, Senior Manager, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that the summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued.

### B. Jane Doe Defendants

Because Plaintiff does not make any allegations of employment discrimination against the Jane Doe Defendants and does not supply sufficient information to permit the attorney for or agent of the Doe Defendants to identify them, the Court declines, at this time, to issue an order under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997) (a *pro se* litigant is entitled to assistance from the district court in identifying a defendant), seeking the identities of the Jane Doe Defendants.

## CONCLUSION

The Clerk of Court is instructed to issue summonses for Defendants Capgemini America, Inc.; Cigna Health and Life Insurance Company; Michael Doyle, Executive Vice President; Jeff Rupley, Human Resources; Sheryl Howard-Summerlin, Senior Manager; and Carrie Chargois, Senior Manager; complete the USM-285 forms with the addresses for these Defendants; and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail an information package to Plaintiff.

Plaintiff may receive court documents by email by completing the attached form, *Consent to Electronic Service*.[2]

SO ORDERED.

Dated:
New York, New York
3/12/24

JOHN G. KOELTL
United States District Judge

---

[2] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

## DEFENDANTS AND SERVICE ADDRESSES

1. Capgemini America, Inc.
   79 Fifth Avenue, Floor 3
   New York, New York 10003

2. Cigna Health and Life Insurance Company
   900 Cottage Grove Road
   Bloomfield, Connecticut 06002

3. Michael Doyle, Executive Vice President
   Capgemini America, Inc.
   79 Fifth Avenue, Floor 3
   New York, New York 10003

4. Jeff Rupley, Human Resources
   Capgemini America, Inc.
   79 Fifth Avenue, Floor 3
   New York, New York 10003

5. Sheryl Howard-Summerlin, Senior Manager
   Capgemini America, Inc.
   79 Fifth Avenue, Floor 3
   New York, New York 10003

6. Carrie Chargois, Senior Manager
   Capgemini America, Inc.
   79 Fifth Avenue, Floor 3
   New York, New York 10003

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

Please list all your pending and terminated cases to which you would like this consent to apply. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

| | | | |
|---|---|---|---|
| Address | City | State | Zip Code |

| | |
|---|---|
| Telephone Number | E-mail Address |

| | |
|---|---|
| Date | Signature |

**Click Here to Save**